IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ArrivalStar S.A. and Melvino Technologies Limited,<br><br>                    Plaintiffs,<br><br>     v.<br><br>TransportGistics, Inc.,<br>FDS International, Inc.,<br>KC Logistics Overseas, Inc.,<br><br>                    Defendants. | Civil Action No. 09-4261 (SPATT)<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar" or "Plaintiff"), by and through their undersigned attorneys, for their amended complaint against Defendants TransportGistics, Inc., (TransportGistics), FDS International (FDS), and KC Logistics Overseas, Inc. (KC Logistics) (TransportGistics, FDS, and KC Logistics are collectively referred to herein as "Defendants") hereby allege as follows:

**THE PARTIES**

1.   Plaintiff ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and having offices at 127 rue de Mühlenbach, L-2168 Luxembourg.

2.   Plaintiff Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

3. Melvino and ArrivalStar S.A. ("ArrivalStar") own all right, title, and interest in, and have standing to sue for infringement of, United States Patent Nos. 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay," issued April 18, 2006; United States Patent No. 6,952,645 ("the '645 patent"), entitled "System And Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel," issued October 4, 2005; and United States Patent No. 6,317,060 ("the '060 patent") entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification Messages," issued November 13, 2001.  Copies of the '781, '645, and '060 patents are annexed hereto as Exhibits A, B, and C, respectively.

4. On information and belief, Defendant TransportGistics is a corporation organized and existing under the laws of the State of Delaware and maintains a corporate headquarters at 4170 Veterans Memorial Highway, Bohemia, New York 11716 USA.

5. On information and belief, Defendant FDS is a corporation organized and existing under the laws of New Jersey and maintains a corporate headquarters at 18 W Ridgewood Ave, Paramus, NJ  07652.

6. On information and belief, Defendant KC Logistics is a corporation organized and existing under the laws of the State of New York and maintains a corporate headquarters at 927 128th St, College Point, NY  11356-1935.

**JURISDICTION AND VENUE**

7. This is an action for patent infringement arising under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Defendant TransportGistics maintains its corporate headquarters, conducts its business, and maintains equipment that infringes the '781, '645, and '060 claims, all in this District. On information and belief, Defendant TransportGistics solicits business from this district and throughout the State of New York, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of New York, services that infringe claims of the '781, '645, and '060 patents. On information and belief, Defendant TransportGistics has committed and continues to commit acts of patent infringement in this district and throughout the State of New York. This Court has personal jurisdiction over Defendant TransportGistics.

9. On information and belief, Defendant KC Logistics maintains its corporate headquarters, conducts its business, and maintains equipment that infringes the '781, '645, and '060 claims, all in this District. On information and belief, Defendant KC Logistics solicits business from this district and throughout the State of New York, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of New York, services that infringe claims of the '781, '645, and '060 patents. On information and belief, Defendant KC Logistics has committed and continues to commit acts of patent infringement in this district and throughout the State of New York. This Court has personal jurisdiction over Defendant KC Logistics.

10. On information and belief, Defendant FDS conducts its business and maintains equipment that infringes the '781, '645, and '060 claims. On information and belief, Defendant FDS solicits business within this district and throughout the State of New York, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of New York, services that infringe claims of the '781, '645, and '060 patents. On

information and belief, Defendant FDS has committed and continues to commit acts of patent infringement in this district and throughout the State of New York. This Court has personal jurisdiction over Defendant FDS.

11. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,030,781

12. Plaintiff ArrivalStar incorporates paragraphs 1-11 as if set forth fully here.

13. Plaintiff ArrivalStar is the owner of the '781 patent. A true and correct copy of the '781 patent is attached as Exhibit A.

14. On information and belief, Defendant TransportGistics has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims of the '781 patent, including but not limited to its FreightTracing and TRaIDS Web-based tracking systems and automated notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

15. On information and belief, Defendant KC Logistics has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims of the '781 patent, including but not limited to its vehicle and package tracking and tracing systems and event notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

16. On information and belief, Defendant FDS has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims of the '781 patent, including but not limited to its Event Management Shipment Systems

including Project Monitoring, Tracing, and Tracking Systems, and its Product Alerts systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

17.  On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

18.  On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

19.  On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '781 patent in violation of 35 U.S.C. § 271(b) and (c).

20.  On information and belief, Defendants' infringement of the '781 patent has been and continues to be willful and deliberate.

21.  Defendants' infringement of the '781 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 6,952,645

22.  Plaintiff ArrivalStar incorporates paragraphs 1-21 as if set forth fully here.

23.  Plaintiff ArrivalStar is the owner of the '645 patent. A true and correct copy of the '645 patent is attached as Exhibit B.

24.  On information and belief, Defendant TransportGistics has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products and/or services covered by claims of the '645 patent, including but not limited to its FreightTracing and TRaIDS

Web-based tracking systems and automated notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

25. On information and belief, Defendant KC Logistics has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products and/or services covered by claims of the '645 patent, including but not limited to its vehicle and package tracking and tracing systems and event notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

26. On information and belief, Defendant FDS International has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products and/or services covered by claims of the '645 patent, including but not limited to its Event Management Shipment Systems including Project Monitoring, Tracing, and Tracking Systems, and its Product Alerts systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

27. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

28. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

29. On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '645 patent in violation of 35 U.S.C. § 271(b) and (c).

30. On information and belief, Defendants' infringement of the '645 patent has been and continues to be willful and deliberate.

31. Defendants' infringement of the '645 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 6,317,060

32. Plaintiff ArrivalStar incorporates paragraphs 1-31 as if set forth fully here.

33. Plaintiff ArrivalStar is the owner of the '060 patent. A true and correct copy of the '060 patent is attached as Exhibit C.

34. On information and belief, Defendant TransportGistics has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products and/or services covered by claims of the '060 patent, including but not limited to its FreightTracing and TRaIDS Web-based tracking systems and automated notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

35. On information and belief, Defendant KC Logistics has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products and/or services covered by claims of the '060 patent, including but not limited to its vehicle and package tracking and tracing systems and event notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

36. On information and belief, Defendant FDS International has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products and/or services covered by claims of the '060 patent, including but not limited to its Event Management Shipment Systems including Project Monitoring, Tracing, and Tracking Systems, and its Product Alerts systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

37. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

38. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

39. On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '060 patent in violation of 35 U.S.C. § 271(b) and (c).

40. On information and belief, Defendants' infringement of the '060 patent has been and continues to be willful and deliberate.

41. Defendants' infringement of the '060 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## DEMAND FOR JURY TRIAL

42. Plaintiff ArrivalStar demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff ArrivalStar prays for judgment and relief including:

(A) Judgment that Defendants have been and are infringing one or more of the claims of the '781, '645, and '060 patents pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

(B) A preliminary and permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, related business entities and those in active concert or participation with them from infringing the '781, '645, and '060 patents;

(C)  An award of damages incurred by Plaintiff ArrivalStar as a result of Defendants' infringement of the '781, '645, and '060 patents;

(D)  An award trebling the damages incurred by Plaintiff ArrivalStar, pursuant to 35 U.S.C. § 284, as a result of Defendants' willful infringement of the '781, '645, and '060 patents;

(E)  An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment and postjudgment interest against Defendants on all monetary sums; and

(F)  Such other and further relief as this Court may deem just, equitable, and proper.

Respectfully submitted,

/Scott H. Kaliko/

Date: January 25, 2010          By:  _____
Scott H. Kaliko (SK1163)
Kaliko & Associates, LLC
500 North Franklin Turnpike
Ramsey, NJ 07446
skaliko@kalikolaw.com
Tel: 201-962-3570
Fax: 201-962-3572

*Of Counsel*
Michael H. Baniak
Gary E. Hood
Daniel R. Bestor
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001  Telephone
(312) 913-0002  Facsimile

Attorneys for Plaintiffs
ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED, INC.